UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ELIZABETH T. POWERS and NICHOLAS POWERS, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. RICH, in his individual capacity, and BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, <br><br> Defendants. | Case No. 07-CV-2183 |

## OPINION

This case is before the court for ruling on the Motion for Relief under Rule 60 (#4) filed by Plaintiffs, Elizabeth T. Powers and Nicholas Powers. Following this court's careful review of Plaintiffs' arguments and the applicable case law, Plaintiffs' Motion (#4) is GRANTED.

### BACKGROUND

On October 4, 2007, Plaintiffs, through their attorney John H. Otto, filed a Complaint (#1) against Defendants Robert F. Rich and the Board of Trustees of the University of Illinois. No action was taken in the case and, on February 26, 2008, this court entered a Rule to Show Cause (#3). This court stated that Plaintiffs were ordered to appear before this court on March 11, 2008, at 3:00 p.m. to show cause, if any they had, why the case should not be dismissed for want of prosecution. This court stated that failure to appear on the date and time specified would result in dismissal of the case, with prejudice.

On March 11, 2008, Attorney Otto appeared, by telephone, on behalf of Plaintiffs but did not provide an explanation regarding why no action had been taken in the case. This court stated that the Rule to Show Cause remained pending and a hearing on the Rule to Show Cause was set for April 11, 2008, at 1:15 p.m. The hearing was subsequently rescheduled for April 10, 2008, at 1:15

p.m. On April 10, 2008, Attorney Otto appeared by telephone and stated that nothing further had transpired in the case. This court therefore dismissed the case for want of prosecution and the case was closed.

More than six months later, on November 4, 2008, Plaintiffs filed a Complaint against the Board of Trustees of the University of Illinois (University) in Case No. 08-CV-2267. On January 8, 2009, Attorneys Kenneth D. Reifsteck and William J. Brinkman entered their appearances on behalf of the University. Also on January 8, 2009, the University filed a Motion to Dismiss Plaintiffs' Complaint and a Memorandum of Law in Support. The University argued that Plaintiffs' previous case, Case No. 07-CV-2183, was dismissed for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. The University argued that the dismissal operated as an adjudication on the merits so that, under the doctrine of res judicata, Plaintiffs are barred from relitigating issues that were raised, or could have been raised, in Case No. 07-CV-2183. The University argued that the Complaint in Case No. 08-CV-2267 must be dismissed with prejudice. On January 26, 2009, Plaintiffs filed their Objections to the Motion to Dismiss. Plaintiffs argued that res judicata does not apply because, under these circumstances, the dismissal of Case No. 07-CV-2183 should have been without prejudice.

Plaintiffs also filed, in this case, a Motion for Relief under Rule 60 (#4) and a Brief in Support (#5). Plaintiffs noted that this court's order dismissing the case for want of prosecution did not specify whether the dismissal was with or without prejudice. Plaintiffs stated that their counsel believed that if none of the defendants had been served with summons any dismissal would be without prejudice to refiling at any time within the applicable statute of limitations, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiffs asked this court to modify its order of April 10, 2008, either to specify that the dismissal is pursuant to Rule 4(m) or, if the dismissal is pursuant to Rule 41(b), to specify that it is without prejudice.

ANALYSIS

The University is correct that, because this court's dismissal order did not otherwise state, the dismissal for want of prosecution was on the merits, with prejudice. <u>LeBeau v. Taco Bell, Inc.</u>, 892 F.2d 605, 607 (7th Cir. 1989), <u>citing</u> Fed. R. Civ. P. 41(b). This court agrees with Plaintiffs, however, that under the circumstances here, the dismissal should have been pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Accordingly, if a plaintiff does not serve a summons and complaint on a defendant "within 120 days after the complaint is filed," the court shall "dismiss the action without prejudice" or "order that service be made within a specified time." <u>See</u> <u>Chapman v. United States Marshal</u>, 584 F. Supp. 2d 1083, 1090 (N.D. Ill. 2008). The time for service must be extended for an appropriate period if the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m).

In this case, Plaintiffs did not serve Defendants within 120 days after the complaint was filed and their attorney provided no explanation for the failure. This court notes that the University and its employee, Robert F. Rich, could not have been hard to find or serve. This court therefore finds that Plaintiffs clearly did not show good cause for their failure to serve Defendants within the time allowed. <u>See</u> <u>Chapman</u>, 584 F. Supp. 2d at 1090-91 ("[g]ood cause means a valid reason for the delay"); <u>see also</u> <u>Floyd v. United States</u>, 900 F.2d 1045, 1047-48 (7th Cir. 1990). Plaintiffs also did

not request additional time to serve Defendants. Under Rule 4(m), this court was therefore required to dismiss the action without prejudice. See Powell v. Starwalt, 866 F.2d 964, 966 (7th Cir. 1989); Geiger v. Allen, 850 F.2d 330, 334 (7th Cir. 1988); Thompson v. Larkins, 1994 WL 66131, at *3-4 (N.D. Ill. 1994), aff'd 46 F.3d 1134 (7th Cir. 1995) (unpublished decision). Of course, a dismissal under Rule 4(m) "'[w]ithout prejudice' does not mean 'without consequence.'" Floyd, 900 F.2d at 1048, quoting Powell, 866 F.2d at 966. "If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." Powell, 866 F.2d at 966; see also Geiger, 850 F.2d at 334. Plaintiffs have, in fact, recognized that dismissal pursuant to Rule 4(m) would be without prejudice to refiling at any time within the applicable statute of limitations.

      A dismissal for want of prosecution under Rule 41(b) is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Harris v. Skytech Enters., Ltd., 2008 WL 4922537, at *2 (N.D. Ill. 2008), quoting Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003). The Seventh Circuit has stated that "if the delay [in obtaining service] has been so long that it signifies failure to prosecute–or if the delay entails disobedience to an order to the court–then dismissal may be with prejudice under Rule 41(b)." O'Rourke Bros. Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 953 (7th Cir. 2000), quoting Powell, 866 F.2d at 966. This court concludes, based on this standard, that a dismissal for want of prosecution under Rule 41(b), which acts as an adjudication on the merits, was not warranted or appropriate in this case. Plaintiffs failed to serve Defendants within the time allowed and failed to provide an explanation for the failure. However, Plaintiffs did not disobey a court order or engage in other contumacious conduct. Based upon these circumstances, this court concludes that this case should have been dismissed without prejudice pursuant to Rule 4(m).

      IT IS THEREFORE ORDERED THAT:

(1) Plaintiffs' Motion for Relief under Rule 60 (#4) is GRANTED.

(2) This court's Order dismissing the case for want of prosecution is hereby VACATED.

This court now orders that the case was dismissed without prejudice pursuant to Rule 4(m).

ENTERED this 13th day of May, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE